**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 10a0514n.06**

**FILED**
**Aug 16, 2010**
LEONARD GREEN, Clerk

**No. 09-4592**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| SHAWN MORELAND, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS and CLAY, Circuit Judges, and WISEMAN, District Judge.[*]

WISEMAN, District Judge. Defendant-Appellant Shawn Moreland appeals his prison sentence of twelve months and one day, imposed after he pleaded guilty to charges that he had violated conditions of supervised release. The sole issue presented is whether the sentence is substantively reasonable. We hold that it is and therefore affirm.

I.

On May 22, 2000, Moreland pleaded guilty to a charge of being a felon in possession of a firearm and was sentenced to forty-one months' imprisonment to be followed by two years of supervised release. As part of the sentence, the district court recommended that Moreland participate in the Substance Abuse Treatment Program of the Bureau of Prisons. Moreland served his prison

---

[*] The Honorable Thomas A. Wiseman, Jr., Senior United States District Judge for the Middle District of Tennessee, sitting by designation.

sentence and began his term of supervised release on July 24, 2004. The district court modified the conditions of Moreland's supervised release in November 2004 to require participation in outpatient treatment for drug and alcohol abuse. The conditions of release were modified again in April 2005, when the district court placed Moreland on ninety days' home confinement with permission to leave home to attend a drug treatment program.

On September 14, 2005, the district court again modified Moreland's conditions of release to allow the results of a drug test administered by the U.S. Probation Office to be shared with the Ohio Adult Parole Authority. Prior to issuance of that order, Moreland had already been taken into state custody for a parole violation. After the results of the Probation Office's drug test were shared with the state authorities, Moreland's state parole was revoked. He served more than three years in state prison for his parole violation and was released on August 29, 2008. His federal supervised release was calculated to restart on that date.

Just over a year later, Moreland was arrested and charged in a superseding Violation Report with six new violations of the terms of supervised release, including charges for unauthorized use of drugs, failure to attend Drug Aftercare, failure to report to his probation officer, having unknown whereabouts, and two charges of committing new state offenses. He pleaded guilty to four of the six charges; the government dismissed the remaining two. Moreland was sentenced on December 21, 2009 to twelve months and one day of imprisonment, and one year of supervised release under the same terms and conditions as ordered during his prior supervised release. The district court gave Moreland credit for time served since September 16, 2009, approximately three months. The

sentence imposed was nine months less than the low end of the advisory Guidelines range of twenty-one to twenty-seven months.

II.

Moreland raises only one argument in this appeal: that, in light of his drug addiction, the prison term is longer than necessary to fulfill the purposes of sentencing set out in 18 U.S.C. § 3553(a)(2) and therefore is substantively unreasonable. More specifically, he argues that the district court failed to adequately consider the need for treatment, instead of punishment and incarceration, to deal with Moreland's drug addiction, pursuant to 18 U.S.C. § 3583(d).

A.

In this circuit, "[s]entences imposed following revocation of supervised release are to be reviewed under the same abuse of discretion standard that we apply to sentences imposed following conviction." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007). The highly deferential abuse-of-discretion standard has both procedural and substantive components. *Gall v. United States*, 552 U.S. 38, 51 (2007). Here, however, the defendant challenges only the substantive reasonableness of his sentence.

Under the abuse-of-discretion standard, a sentence is substantively unreasonable if the district court "selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). This court should determine whether the district court properly calculated the Sentencing Guidelines range, considered the relevant 3553(a) factors, allowed the parties to argue for what they believed to be an appropriate sentence,

and explained the sentence sufficiently to allow for meaningful appellate review. *Bolds*, 511 F.3d at 579–80 (citing *Gall*, 552 U.S. at 49–50). Sentences that fall within a properly calculated Guidelines range enjoy a presumption of reasonableness on appeal. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc); *see also Rita v. United States*, 551 U.S. 338, 347 (2007) ("[A] court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines."). Thus, as a matter of common sense, when a sentencing court has considered the relevant § 3553(a) factors and imposed a below-Guidelines sentence, this court is "very reluctant to find the sentence unreasonable," because "[d]oing so would essentially amount to substituting our judgment for the district court's as to how long the defendant should serve." *United States v. Collington*, 461 F.3d 805, 811 (6th Cir. 2006); *see also United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (observing that because a sentence within the Guidelines range is "presumptively reasonable," the defendant's task in persuading the reviewing court that a more lenient sentence is unreasonably long is "even more demanding" than under ordinary circumstances).

## B.

In the present case, Moreland bases his assertion of unreasonableness on the argument that, in light of his drug addiction, "some other sanction, such as intensive drug treatment, would more sufficiently meet the purposes of sentencing in this case." (Appellant's Br. 6.) In response, the government points out that the sentencing judge, Judge Oliver, addressed Moreland's drug addiction during the sentencing hearing and had previously allowed the defendant numerous opportunities to

treat his addiction. In fact, Judge Oliver's frustration with the apparently intractable nature of

Moreland's addiction is reflected in his statement at sentencing:

> I'm not putting it all on that, the addiction. But you certainly have responded in a way which appears, [to] someone looking from the outside, appears to have just totally abandoned any attempt to cooperate and to do the things you're required to do. . . .
>
> . . . .
>
> But it's clear in all the restrictions and all the help that they try to give you, you weren't in a position to try to receive it. So that's troubling. It's very difficult when you get to the situation where the [probation] officer is saying there is no more I think we can do.

(Sentencing Tr. at 11:24–12:21.)

In short, the record reveals that Moreland has been given numerous opportunities to

participate in drug-abuse treatment, to no avail. The sentencing transcript reveals that the district

judge did not select the sentence arbitrarily, base it on impermissible factors, fail to consider the

relevant sentencing factors, or give an unreasonable amount of weight to any pertinent factor. He

properly calculated the Sentencing Guidelines range, considered the relevant § 3553(a) factors,

allowed the parties to argue for what they believed to be an appropriate sentence, and gave a

meaningful explanation as to why he imposed the below-Guidelines prison sentence. The district

court clearly took into account the defendant's need for rehabilitation as required by §§ 3553(a) and

3583(d), but reasonably concluded that other factors were more compelling for purposes of

determining the appropriate sentence in this particular case.

No. 09-4592
*United States v. Moreland*

III.

For the reasons articulated herein, we find the sentence imposed to be eminently reasonable

and therefore AFFIRM the trial court's sentencing decision.