NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0770n.06

No. 09-6439

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 17, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) ON APPEAL FROM THE |
| | ) UNITED STATES DISTRICT |
| MARTY CHILDRESS, | ) COURT FOR THE WESTERN |
| | ) DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) |

Before:    **KEITH, SUTTON, and McKEAGUE, Circuit Judges.**

**PER CURIAM.** Defendant-Appellant Marty Childress appeals the 88-month sentence he received after pleading guilty to two gun-related charges: (1) possession of an unregistered firearm less than 26 inches in length; and (2) being a convicted felon in possession of a firearm. Childress argues that his sentence is substantively unreasonable because it is greater than what is necessary under the circumstances. For the reasons that follow, we **AFFIRM** the sentence imposed by the district court.

I.

A.

On January 23, 2008, police officers in Cave City, Kentucky received a complaint call from a motel where Defendant-Appellant Childress had been staying. According to his testimony, Childress had asked the manager of the motel to call the police because he believed someone had broken into and damaged his room while he was away at work. Officers received information that

Childress was acting erratic and was damaging hotel property. When the police arrived, they searched Childress's motel room and found drug paraphernalia and drug residue, which Childress claimed were not his. Childress was arrested for possession of drug paraphernalia.

After arresting him, the officers obtained Childress's consent to search his truck, which was parked outside. During their search of the vehicle, the officers found a loaded shotgun in the truck. The barrel of the shotgun was 18.5 inches long and the stock of the gun had been sawed off to the point where the overall length of the gun was 25 inches.[1]

On July 16, 2008, a federal grand jury indicted Childress on three counts: (1) possession of an unregistered firearm with an overall length less than 26 inches, in violation of 26 U.S.C. § 5861(d); (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and (3) forfeiture of the shotgun at issue, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461, and 26 U.S.C. § 5872. The forfeiture count eventually was dismissed on the government's motion. On August 13, 2009, Childress pled guilty without a plea agreement to the two remaining counts: possessing an unregistered shotgun that was less than 26 inches in length (Count 1); and being a felon in possession of a firearm (Count 2). The district court accepted Childress's plea after finding that Childress was competent to enter it, that there was a factual basis to support it, and that the plea was made freely and voluntarily.

B.

---

[1]Childress subsequently was charged in Kentucky for a parole violation in connection with this gun, and he served 22 months in jail for the violation at some point prior to his being sentenced by the district court in this case.

The presentence report ("PSR") prepared by the probation officer calculated a total offense level of 25. Childress's criminal history, which included two prior drug felonies, other substance abuse-related convictions, and convictions involving threatening people, gave him eighteen criminal history points, and a criminal history category of VI. (The threshold for category VI is thirteen points.) The resulting base offense level of 26 was elevated to 28 because the shotgun was considered a dangerous weapon under the guidelines. That level then was reduced three levels to 25 based on Childress's clear acceptance of responsibility. The corresponding Guidelines range for an ultimate offense level of 25 was 110-137 months' imprisonment.

At the sentencing hearing on November 20, 2009, Childress challenged some of the conclusions in his PSR and asked the district court to impose a 36 month sentence, well below the low end of the Guidelines range (110 months). Childress argued that he deserved leniency for several reasons: (1) he claimed that he originally asked the manager of the motel to call the police and that he was not engaged in criminal activity at the time; (2) the shotgun was 25 inches long, which was only one inch shorter than the statutory threshold, and the stock (not the barrel) had been shortened, which did not render the weapon more dangerous; (3) he did not use the shotgun in another crime; (4) he had already served 22 months in state prison for the parole violation related to his possession of the gun; (5) his daughter, whose wedding he had missed, was pregnant, and his grandfather was ill; and (6) he suffered from Crohn's disease, a digestive illness. The government argued for a 110-month sentence mainly because of Childress's prior convictions that "involve[d] threats of violence." The government argued that Childress's history of making threats combined

with his record of substance abuse and drug convictions made him a "serious offender" whose possession of a shotgun was especially dangerous.

After hearing from defense counsel and witnesses, including Childress himself, the district court stated that neither the court nor Childress could "escape from" his criminal history. The court stated that it would "give [Childress] the benefit of the doubt" that he was not "engaged in any criminal activity at the time." But in light of Childress's criminal history and the fact that he had "been in and out, paroled, revoked, paroled, revoked," the court concluded that he "ha[d] not been deterred . . . by all of these times that [he had] gone to prison before." Based on that pattern, the court concluded that it was "not likely" that a 36 month sentence would deter Childress from further wrongdoing. In the end, the court gave Childress credit for the 22 months he had served for his parole violation by subtracting that amount from the Guidelines minimum and sentencing him to 88 months in a prison where he could receive treatment for his Crohn's disease. Childress filed this timely appeal.

## II.

On appeal, we review a sentence imposed by the district court under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 52 (2007); *see also United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2009) (en banc). A district court abuses its discretion if it imposes a sentence that is either procedurally or substantively unreasonable. *Gall*, 551 U.S. at 51. "A sentence may be procedurally unreasonable if the district judge fails to consider the applicable Guidelines range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United*

*States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (internal quotation marks and citations omitted).[2] A sentence may be "substantively unreasonable when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *Id.* Among those factors relevant to this appeal are:

> (1) [T]he nature and circumstances of the offense and the history and characteristics of the defendant; [and] (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The court must actually consider the statutory factors and the seriousness of the offense in question along with the defendant's history and characteristics before imposing a sentence. *See Collington*, 461 F.3d at 809. But it need not recite each enumerated factor in a "rote listing" before reaching its decision. *See id.* And in the end, whatever sentence the district court imposes must be "sufficient, but not greater than necessary" to serve the purposes of § 3553(a). 18 U.S.C. § 3553(a).

For the purposes of appellate review, a sentence that falls within the suggested Guidelines range is presumptively reasonable, *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006), and the defendant bears the burden of rebutting that presumption on appeal, *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009). The Guidelines are advisory, and district courts enjoy discretion to depart downward from the Guidelines range for a number of reasons, including when "reliable

---

[2]Childress does not argue that his sentence was procedurally unreasonable.

information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b). *See also United States v. Johnson*, 553 F.3d 990, 998 (6th Cir. 2009); *Collington*, 461 F.3d at 808-09. But when we review a below-guidelines sentence, "simple logic compels the conclusion that, if a sentence [within the guidelines range] would have been presumptively reasonable in length, [the] defendant's task of persuading us that [a] more lenient sentence . . . is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

Childress argues that the district court imposed a sentence that is "greater than necessary" after improperly weighing the relevant statutory factors and placing too much weight on Childress's prior record and history of substance abuse. He argues that because he does not have an extensive violent criminal history, his criminal history level "overstates the gravity of his record." In other words, according to Childress, the district court abused its discretion because a sentence shorter than 88 months would be reasonable and sufficient in this case. We disagree.

The district court considered the relevant statutory factors and examined Childress's personal and criminal history. After considering Childress's sentencing memorandum and hearing from defense counsel, Childress's mother, and Childress himself, the district court observed:

> [I]f this two years in state prison has turned you, and this is all for real, then I think that is a wonderful thing. But, you know, you have a record that just—I can't escape and you can't escape from either . . . .
>
> I will give you the benefit of the doubt here that you weren't engaged in any criminal activity at the time.

> But looking at your history and looking at what the propensity is there, and looking at what the risk is there with your drug and alcohol addiction problems, for you to have a firearm is a very dangerous thing. And, you know, if we were talking about the first time you got in trouble, the second time you got in trouble, maybe.

> But you've been in and out, paroled, revoked, paroled, revoked. You have had enough time to turn it around. And for you to come in here and say, okay, now is the time, and for me to give you that break now, I think would just be a real naive thing for me to do . . . .

> You're completely sober now, I assume, and you're probably one person. When you're drunk, you're throwing things at your mother. It's just like you said, stupid drunk. And it's when you're stupid drunk, and you have a firearm, that's the dangerous thing. And there is no guarantee that that side of you is completely gone.

> So I think the suggestion that I only give you three years is not one that I'm going to go with. It is not likely that—you have not been deterred in your life by all of these times that you have gone to prison before. It's not likely that three years is going to deter you. I don't know what is going to deter you.

> I am going to do this, however. I am going to give you the benefit of the 22 months that you have done by reducing the low end of the guideline by 22 months to give you a sentence of 88 months. So it's a variance of that amount. It's a significant sentence still, and it's one that I think is necessary to meet all the sentencing objectives, and one that I think is reasonable in this case.

Elsewhere, the district court noted that the fact that Childress initiated the call to the police and was not engaged in criminal activity at the time did not "really matter" for sentencing purposes. Finally, the district court added three years of supervised release, refused to impose any fines, and recommended that Childress be housed in an institution where he could receive medical care for his Crohn's disease.

The district court did not abuse its discretion in departing downward and imposing an 88 month sentence. The record demonstrates that the court carefully examined and considered the

circumstances of the offense and the history and characteristics of the defendant. It stressed in particular the seriousness of Childress's having a gun in light of his history of making threats and substance abuse. The court nonetheless gave Childress credit for the time he had served in state prison for the parole violation and departed downward from the 110-month sentence provided by the Guidelines and recommended by the government. The court also recommended that Childress be housed in a facility where he could receive medical care for his ailment. The court did not consider any impermissible factors or give an unreasonable amount of weight to any one factor. Indeed, the court exercised its discretion by showing some leniency. It cannot be said that it abused its discretion by refusing to be more lenient.

III.

For these reasons, we affirm the sentence imposed by the district court.