**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0428n.06

No. 14-6511

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 09, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| PETER LEWIS, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: BOGGS and BATCHELDER, Circuit Judges; HUCK, District Judge.[*]

PER CURIAM. Peter Lewis appeals his sentence.

Lewis pleaded guilty to conspiracy to possess with intent to distribute and distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court determined that, based on his total offense level of 13 and criminal history category of III, Lewis's guidelines range of imprisonment was 18 to 24 months. The court varied downward and sentenced Lewis to 15 months in prison.

On appeal, Lewis argues that his sentence is substantively unreasonable because the district court failed to properly take into account his family circumstances. Lewis specifically contends that he should have been sentenced to home confinement because incarceration will impose an extreme financial hardship on his family. We review criminal sentences under a deferential abuse-of-discretion standard for reasonableness, which has both a procedural and a

---

[*]The Honorable Paul C. Huck, United States District Judge for the Southern District of Florida, sitting by designation.

substantive component.   *United States v. O'Georgia*, 569 F.3d 281, 287 (6th Cir. 2009). A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, fails to consider a pertinent sentencing factor, or gives an unreasonable amount of weight to any pertinent factor.   *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008).   We apply a rebuttable presumption of substantive reasonableness to a within-guidelines sentence, *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), and a defendant's burden to demonstrate that a below-guidelines sentence is unreasonable is even more demanding, *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

Lewis has not overcome the presumption that his below-guidelines sentence is substantively reasonable.  Before imposing Lewis's sentence, the district court discussed several relevant sentencing factors, including the seriousness of the offense, Lewis's criminal history, and the need to afford adequate deterrence, promote respect for the law, and provide just punishment.  The court also considered Lewis's personal circumstances and recognized that incarcerating him would impose a hardship on his family.  The court did not abuse its discretion, however, by concluding that any such hardship was not the type of exceptional family circumstance that would outweigh the other sentencing factors.  *See United States v. Haj-Hamed*, 549 F.3d 1020, 1027-28 (6th Cir. 2008).

Accordingly, we affirm Lewis's sentence.