*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0276p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 07-6459

BOBBY JOE CURRY,

*Defendant-Appellant.*

Filed: August 5, 2008

Before: ROGERS and McKEAGUE, Circuit Judges; ADAMS, District Judge.[*]

_____

## ORDER

_____

Bobby Curry, through counsel, appeals his 240-month sentence for various drug offenses. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel concludes that oral argument is not needed. Fed. R. App. P. 34(a).

Curry entered a written plea of guilty to conspiracy to distribute and possession with intent to distribute five kilograms or more of cocaine; conspiracy to distribute and possession with intent to distribute a quantity of pills containing oxycodone and methadone; distribution of cocaine and a quantity of pills containing oxycodone and methadone, which resulted in the death of an individual; and two criminal forfeiture counts. After conducting a hearing, the district court accepted Curry's plea of guilty. A probation officer prepared a presentence report ("PSR"). Based upon a base offense level of 41 and a criminal history category of I, Curry's sentencing range was 324 to 405 months of imprisonment. After granting the government's motion for a downward departure, the district court sentenced Curry to 240 months of imprisonment, five years of supervised release, and $22,987 in restitution.

Curry appealed. Curry's counsel has moved to withdraw, and has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel submitted two issues for review: (1) whether the district court should have departed downward to a greater extent; and (2) whether Curry's sentence was reasonable. Curry was notified of his right to respond, but no response has been received by the court. Upon consideration, we grant counsel's motion to withdraw and affirm Curry's sentence.

Curry first argues that the district court should have downwardly departed to a greater extent, based upon his significant cooperation with the government. When "the district court grants a

_____

[*] The Honorable John R. Adams, United States District Judge for the Northern District of Ohio, sitting by designation.

downward departure for substantial assistance and the defendant's claim on appeal goes only to the extent of the departure, this Court has no jurisdiction over the appeal." *United States v. Jones*, 417 F.3d 547, 551 (6th Cir. 2005) (citations omitted); *see also United States v. Puckett*, 422 F.3d 340, 345 (6th Cir. 2005). As Curry challenges only the extent of the district court's downward departure, we lack jurisdiction to consider his argument on appeal.

Curry next argues that his sentence was unreasonable, because it should have been shorter in duration. We review sentences imposed by the district court for reasonableness. *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008). Reasonableness review has both a substantive and a procedural component. *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *Vowell*, 516 F.3d at 509. Thus, when reviewing a district court's sentencing determination, we "first ensure that the district court committed no significant procedural error, such as . . . failing to consider the [18 U.S.C.] § 3553(a) factors . . . or failing to adequately explain the chosen sentence." *Gall*, 128 S. Ct. at 597. "Assuming that the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* For a sentence to be substantively reasonable, "it must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary, to comply with the purposes" of § 3553(a). *Vowell*, 516 F.3d at 512 (internal citation and quotation omitted).

It could be argued that the presumption of reasonableness validated in *Rita v. United States*, 127 S. Ct. 2456 (2007), as recognized in *Gall*, may not apply here, as the district court did not impose a sentence within the advisory Guidelines range, but granted a downward variance from the low end of the range. *See United States v. Phinazee*, 515 F.3d 511, 514-15 (6th Cir. 2008); *United States v. Kirchhof*, 505 F.3d 409, 414-15 (6th Cir. 2007). Yet, the fact that the sentence imposed is outside the Guidelines range does not give rise to a presumption of unreasonableness, *Gall*, 128 S. Ct. at 597, especially where the variance results in a sentence even more favorable to the challenging defendant than a within-Guidelines sentence. Moreover, simple logic compels the conclusion that, if a sentence of 324 to 405 months would have been presumptively reasonable in length, defendant's task of persuading us that the more lenient sentence of 240 months is unreasonably long is even more demanding. *See United States v. Bailey*, 264 F. App'x 480 (6th Cir. 2008) (recognizing that since, per *United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc), a within-Guidelines sentence would be presumptively reasonable, "it follows from simple logic" that a below-Guidelines sentence is "presumed not to be unreasonably severe"). Section 3553(a) mandates that a district court imposing a sentence consider the defendant's guideline range; the nature of the offense; the characteristics of the defendant; the need to deter criminal conduct, protect the public, and provide the defendant with appropriate treatment; and the need to avoid sentencing disparities with defendants who have been found guilty of the same conduct and who have similar criminal histories. 18 U.S.C. § 3553(a).

The district court noted that Curry's offense was very serious, there was a need to deter others from engaging in similar conduct, there were a number of other people impacted by Curry's activities, and Curry facilitated or enabled some individuals' involvement with controlled substances. Nonetheless, the district court acknowledged that Curry was attempting to change, had a serious drug problem, had a limited criminal history, was remorseful, had accepted responsibility, and cooperated with the government at a level that had an impact in pursuing others involved in similar conduct. The district court also noted that it would have sentenced Curry at the high end of his guidelines range were it not for his substantial cooperation with the government. The district court acknowledged that its sentence was a substantial reduction from Curry's guidelines range, but concluded that it was still a significant sentence, and that to sentence Curry any lower would diminish the nature of his offense. The district court's sentence was reasonable, as it considered Curry's sentencing range and the factors in § 3553(a) before imposing a sentence eighty-four months below Curry's guidelines range.

Additionally, we have examined the record and have discovered no errors warranting reversal of the district court's judgment.

For the foregoing reasons, counsel's motion to withdraw is granted, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk