NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 10a0504n.06

No. 09-5135

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 13, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| RICKY LAWRENCE, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: KENNEDY, ROGERS, and KETHLEDGE, Circuit Judges.

**KENNEDY, Circuit Judge.** Defendant appeals his conviction on a single count of production of child pornography and 300-month sentence following a jury trial. Because sufficient evidence exists in the form of defendant's confession and the victim's trial testimony for a rational trier of fact to convict, we AFFIRM his conviction. Because the district court did not abuse its discretion by imposing the below-guidelines sentence of 300 months, we AFFIRM his sentence.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2005, defendant and his then-wife had custody of two granddaughters, D. and T., the children of defendant's step-daughter. D., who was the oldest, was eight years old at the time. Defendant's time in the home came to an end on July 26, 2005, when he was arrested on charges that he stole $88 from a thrift store where he was formerly employed. This arrest led to a probation violation, which caused him to remain in custody until January 2006. By the time he was released, he and his wife were divorced, and he had very little contact with the children.

Candy Ailstock, Sandy's cousin, obtained custody of T. and T.'s other sister C. in April or May 2006. When the children went to live with Candy, Joyce, Candy's mother, told Candy that T. enjoyed playing computer games. Candy did not have a computer, so Joyce offered her an extra one that had previously been in the home of defendant and Sandy.

After receiving the computer, Candy discovered several photographs in the "recycle bin" folder of the computer. One of the photographs was of a young girl, lying on a blanket, with her vaginal area exposed. Another photograph was of a young girl's torso without any covering. Candy took the computer to her mother, who took it to Candy's uncle, who turned it over to the police. (R. 98, Tr. at 35.)

The computer was analyzed by Detective Frazier of the Kentucky State Police, Electronic Crime Section. He determined that while most files of interest were created on July 23, 2005, one was created on September 25. (R. 92, Tr. at 93.) Based on the folder where the images were saved, Frazier concluded that they were taken by a camera attached to the computer. Some of the images also contained scribbling placed by a software program allowing users to draw on photographs. Other files created on July 23, 2005, were innocent photographs of children making faces, and a few of these also contained doodling.

Kentucky State Police trooper Chadwick Mills questioned defendant about the images found on the computer. After receiving his *Miranda* warnings, defendant admitted that he had taken at least six photographs of D., including of her vaginal area, and some of T. as well. (R. 92, Tr. at 192.) The investigation did not uncover other evidence that T. had been photographed.

Defendant was arrested and charged with knowingly permitting a minor in his custody to engage in sexuall explicit conduct for the purpose of producing a visual depiction of the conduct,

2

in violation of 18 U.S.C. § 2251(b). His case proceeded to trial in October 2008. D. testified that the defendant took the pictures of her without her shirt on and of her lying on the blanket with her vaginal area exposed. (R. 92, Tr. at 140-41.) She testified that defendant ordered her to pose for those pictures, and that she complied to avoid "physical abuse." (R. 92, Tr. at 142.) She met with a counselor on three occasions to discuss sexual abuse, and she did not tell the counselor about the photographs during the first two meetings. (R. 92, Tr. at 150.) During the third meeting, D. told the counselor that her mother and her sister took the photographs. (R. 92, Tr. at 151.) D. explained at trial that she did not tell the counselor about defendant's involvement because D. was uncomfortable with the counselor and did not think the pictures were any of the counselor's business. (R. 92, Tr. at 172-73.) D. also explained that her great-grandfather Gene told her that defendant had taken the pictures. (R. 92, Tr. 176.) D. testified that she did not believe Gene at first, but eventually began to believe him, as her "memory started coming back." (R. 92, Tr. at 176-77.) Although she never told the counselor that defendant had taken the pictures, she told Mills that defendant had taken the photographs. (R. 92, Tr. at 187.)

Defendant testified at trial on his own behalf. He explained that he had difficulty operating the camera and had to call his step-daughter for directions whenever he wanted to use it. He explicitly denied taking any inappropriate pictures. (R. 99, Tr. at 309.) According to defendant, he only confessed to Mills because defendant believed that the evidence against him was overwhelming despite his innocence, and he was hoping that by confessing he would receive a lighter sentence.

The jury found defendant guilty. When calculating defendant's guideline range, the district court applied section 2G2.1, which assigns a base offense level of 32. The district court increased the offense level by 4 points because the offense involved a minor younger than 12 years old, USSG

§2G2.1(b)(1)(A), and by 2 more points because defendant had custody, care, or supervisory control over the victim, USSG § 2G2.1(b)(5). The court then applied a 2 point enhancement for obstruction of justice under section 3C1.1 because it found that defendant committed perjury when he denied at trial that he took the photographs. This led to a total offense level of 40. With a criminal history category of II, defendant's guideline range was 324 to 360 months imprisonment, with 360 being the statutory maximum. The district court sentenced defendant to 300 months imprisonment. Defendant appeals both his conviction and sentence.

## DISCUSSION

### I. Sufficiency of the evidence

Defendant first argues that there was insufficient evidence to find him guilty of violating 18 U.S.C. § 2251(b) beyond a reasonable doubt. "When deciding whether a conviction is supported by sufficient evidence, we determine 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Russell*, 595 F.3d 633, 644 (6th Cir. 2010) (quoting *United States v. Kone*, 307 F.3d 430, 433 (6th Cir. 2002)). "'In making this determination, however, we may not reweigh the evidence, reevaluate the credibility of witnesses, or substitute our judgment for that of the jury.'" *United States v. Deitz*, 577 F.3d 672, 677 (6th Cir. 2009) (quoting *United States v. Martinez*, 430 F.3d 317, 330 (6th Cir. 2005)). To find defendant guilty, the government must prove beyond a reasonable doubt that 1) defendant was the parent, legal guardian, or a person having custody or control over the victim; 2) the victim was a minor; 3) defendant knowingly permitted the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and 4) the visual depiction was transported in interstate commerce or the

4

equipment used to create the depiction had been transported in interstate commerce. *See* 18 U.S.C. § 2251(b).

Defendant does not dispute that D. was a minor, that defendant had custody or control over D., or that the materials used to take illicit photographs traveled in interstate commerce. Instead, defendant argues that there was insufficient evidence that he was the one that took photographs of D. Defendant identifies several facts that weakened the government's case against him: his incarceration when one of the photographs was taken; D.'s refusal to tell the counselor about defendant's actions; D.'s admission that she only remembered that defendant took the photographs when her great-grandfather reminded her; and the fact that D. was better at using a computer than was defendant. Defendant also contends that his confession should carry little weight because it was motivated by a hope that he would receive a lighter sentence.[1]

Notwithstanding the weaknesses identified by defendant, there is sufficient evidence for a rational jury to find him guilty beyond a reasonable doubt of violating section 2251(b). The evidence against defendant included the testimony of the victim and defendant's own confession. The jury was entitled to credit the victim's testimony over defendant's, and we may not substitute our judgment for that of the jury. The testimony of the victim is, by itself, sufficient evidence for conviction. *See United States v. Terry*, 362 F.2d 914, 916 (6th Cir. 1966) ("The testimony of the prosecuting witness, if believed by the jury, is sufficient to support a verdict of guilty."); *see also Tucker v. Palmer*, 541 F.3d 652, 658 (6th Cir. 2008). Sufficient evidence supports the jury's verdict.

---

[1]Defendant did not challenge the voluntariness of his confession before the district court, and does not do so here.

## II. Reasonableness of the Sentence

"A district court's sentencing determination is reviewed 'under a deferential abuse-of-discretion standard' for reasonableness, which has both a procedural and a substantive component." *United States v. Erpenbeck*, 532 F.3d 423, 430 (6th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "[W]hen reviewing a district court's sentencing determination, we must 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Wynn*, 579 F.3d 567, 570 (6th Cir. 2009) (quoting *Gall*, 552 U.S. at 51). "If the sentence is procedurally sound, we then must consider 'the substantive reasonableness of the sentence imposed.'" *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009) (quoting *Gall*, 552 U.S. at 51). "A sentence is substantively unreasonable if the district court 'selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *Id.* (quoting *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008)). Defendant concedes that his sentence is procedurally reasonable, but contends that it is substantively unreasonable.

Although our standard of review is the same regardless of whether the sentence is within the guidelines or not, *Gall*, 552 U.S. at 51, this court has chosen to "grant[] a presumption of substantive reasonableness to sentences within the advisory Guidelines range," *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009) (citing *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006)). Defendant's sentence was below the guideline range, and it follows as a matter of "simple logic" that

6

if we presume a sentence within the advisory guidelines range is reasonable, then a "defendant's task of persuading us that the more lenient sentence of [a below guidelines sentence] is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

Defendant argues that the relatively few photographs taken, the absence of any indication of an addiction to pornography, and defendant's age all require that he be given a sentence closer to the mandatory minimum of 180 months. The district court took defendant's arguments into account, but concluded that a below-guidelines sentence of 300 months was sufficient but not greater than necessary to comply with the requirements of section 3553(a). The district court was well within its discretion.

## CONCLUSION

We AFFIRM defendant's conviction and sentence.

**Rogers, J., dissenting.**  Defendant was sentenced to 25 years in prison for taking several posed, frontally nude pictures of his 8-year-old child on one day, although he later put the pictures in the computer's recycle bin and there is no indication of any inappropriate contact or any other child-pornography activity.  Because such a lengthy sentence for this crime is substantively unreasonable, I would remand for sentencing at, or closer to, the 15-year statutory minimum.