NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0221n.06

No. 13-5962

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 21, 2014
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JOHN IVORY, JR., | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: BOGGS, SILER, and GIBBONS, Circuit Judges.

PER CURIAM. John Ivory, Jr., challenges his below-guidelines sentence as substantively unreasonable. Ivory pleaded guilty to distributing a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1). Ivory's status as a career offender due to his two prior felony drug convictions resulted in a total offense level of 29 and a criminal history category of VI, corresponding to a guidelines range of 151 to 188 months of imprisonment. Ivory requested a 60-month sentence, asserting that his career-offender status over-represented his criminal history as a small-time street dealer. After considering the sentencing factors under 18 U.S.C. § 3553(a), including Ivory's difficult childhood, the district court varied downward from the guidelines range and sentenced him to 130 months of imprisonment, to run concurrently with his undischarged state sentence.

On appeal, Ivory contends that his sentence is substantively unreasonable because the district court gave too much weight to the public safety and deterrence factors under § 3553(a) in

light of the Justice Department's recent acknowledgment that harsh sentences for low-level street dealers do not promote these sentencing purposes. We review the substantive reasonableness of Ivory's sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). Given that we afford a within-guidelines sentence a rebuttable presumption of substantive reasonableness, Ivory's burden of demonstrating that his below-guidelines sentence "is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008); *see also United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) ("Although it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden.").

Ivory relies on the Attorney General's memorandum entitled "Department Policy on Charging Mandatory Minimum Sentences and Recidivist Enhancements in Certain Drug Cases," which provides that prosecutors should decline to charge the drug quantity necessary to trigger a mandatory minimum sentence or file an information pursuant to 21 U.S.C. § 851 if a defendant meets certain criteria. Citing the memorandum's proposition that "[l]ong sentences for low-level, non-violent drug offenses do not promote public safety, deterrence, and rehabilitation," Ivory asserts that the district court may have varied even lower from the career-offender guidelines range with the benefit of this memorandum issued a month after his sentencing. The Attorney General's memorandum expressly notes that "[t]he policy set forth herein is not

intended to create or confer any rights, privileges, or benefits in any matter, case, or proceeding. *See United States v. Caceres*, 440 U.S. 741 (1979)." Furthermore, this charging policy does not apply to Ivory not only because he has already been convicted but also because he was not subject to a statutory mandatory minimum sentence or recidivist enhancement. Even if the policy applied, Ivory does not satisfy its criteria due to his significant criminal history, which resulted in a criminal history score of 12 with several one-point convictions not counted.

As Ivory recognizes, we have rejected the "policy argument that sentencing street-level dealers as career offenders will have little, if any, effect on the level of drug dealing in the community and that sentencing low-level drug defendants as career offenders overstates the likelihood of recidivism." *United States v. Hardge*, 428 F. App'x 511, 515 (6th Cir. 2011) (citing *United States v. Alexander*, 543 F.3d 819, 826 (6th Cir. 2008)); *see also United States v. Vaughn*, 444 F. App'x 875, 882 (6th Cir. 2011). Here, the district court noted the repetitive nature of Ivory's criminal conduct: "irrespective of the fact that he's been convicted and basically given breaks, he has continued to involve himself or participate in this type of activity." In light of Ivory's particular history, the district court did not give an unreasonable amount of weight to the public safety and deterrence factors.

Ivory has not demonstrated that the district court abused its discretion in imposing his below-guidelines sentence. Accordingly, we affirm Ivory's sentence.