NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0321n.06

No. 13-1786

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Apr 24, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>  Plaintiff-Appellee, )<br>)<br>) ON APPEAL FROM THE UNITED<br>v. ) STATES DISTRICT COURT FOR<br>) THE EASTERN DISTRICT OF<br>BENJAMIN CORNEJO-JIMENEZ, aka ) MICHIGAN<br>Benjamin Cornajo-Jimenez, )<br>)<br>  Defendant-Appellant. )<br>) | |

BEFORE: SUHRHEINRICH, KETHLEDGE, and WHITE, Circuit Judges.

PER CURIAM. Benjamin Cornejo-Jimenez appeals his 37-month sentence imposed after his guilty plea to illegal reentry of a removed alien in violation of 8 U.S.C. § 1326(a). We affirm.

Pursuant to USSG § 2L1.2, Cornejo-Jimenez's presentence report set forth a base offense level of 8, which was increased by 16 levels because he was previously deported after a felony conviction for a drug trafficking offense for which the sentence imposed exceeded 13 months. (PSR 4-5). *See* USSG § 2L1.2(a), (b)(1)(A)(i). A 3-level reduction for acceptance of responsibility resulted in a total offense level of 21, which, along with Cornejo-Jimenez's criminal history category of V, corresponded to a guidelines range of 70 to 87 months of imprisonment. (PSR 5, 7, 12). In his objections to the presentence report, Cornejo-Jimenez argued that this guidelines calculation double-counted his prior drug trafficking conviction by

using it to increase both his offense level and his criminal history category. (Sentencing Memorandum, RE 24, Page ID # 46-47).

At sentencing, the district court agreed that the enhancement for a prior conviction under USSG § 2L1.2 "can lead to unwarranted disparities because it treats a broad range of crimes [as] identical . . . without regard to the circumstances of the prior offense," resulting "in certain Defendants whose only current crime is illegal re-entry, which is what Mr. [Cornejo-Jimenez]'s crime is, being disproportionately sentenced to time on par with far more serious offenses because of the revival of an ancient crime." (Sentencing Transcript, RE 35, Page ID # 99-100). The district court also observed that "it is difficult to find any other place in the Guidelines where the Base Offense Level for a crime is increased because of a prior conviction." (*Id*. Page ID # 100). The district court reduced the USSG § 2L1.2 enhancement from 16 to 8 levels, resulting in a total offense level of 13 and a guidelines range of 30 to 37 months of imprisonment. (*Id*.). Cornejo-Jimenez requested a sentence concurrent with his 10-month sentence imposed upon the revocation of his supervised release for his prior illegal reentry conviction in Case No. 2:08CR20389. (*Id*. Page ID # 103). The district court declined to vary from the already reduced guidelines range and sentenced Cornejo-Jimenez to 37 months of imprisonment to run concurrently with his 10-month supervised release revocation sentence. (*Id*. Page ID # 108).

On appeal, Cornejo-Jimenez challenges his sentence as substantively unreasonable, asserting that the district court imposed a sentence greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). *See United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010) ("The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C.

§ 3553(a).""). We review the substantive reasonableness of Cornejo-Jimenez's sentence under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). "Sentences imposed within a properly-calculated Guidelines range enjoy a rebuttable presumption of substantive reasonableness on appeal." *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009). Cornejo-Jimenez arguably received a below-guidelines sentence because the district court reduced the USSG § 2L1.2 enhancement from 16 to 8 levels. A defendant challenging a below-guidelines sentence as substantively unreasonable bears an "even more demanding" burden than does a defendant challenging a within-guidelines sentence. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008).

Cornejo-Jimenez contends that the recalculated guidelines range still overstates his criminal history. Cornejo-Jimenez had prior convictions for driving under the influence, drug trafficking, and illegal reentry, and committed the instant offense while on supervised release for his prior illegal reentry conviction. (PSR 5-7). Cornejo-Jimenez asserts that any sentence of incarceration would deter other similarly situated individuals, ignoring the fact that three years of imprisonment for his prior illegal reentry conviction did not deter him from committing the instant offense and the district court's apt observation that "there has to be some kind of deterrence . . . that is going to prevent you from continuing to enter this country illegally." (*Id*. at 6-7; Sentencing Transcript, RE 35, Page ID # 107-08).

Cornejo-Jimenez also asserts that the guidelines range exaggerates his role in the offense, but he pleaded guilty to illegal reentry, an offense that does not involve multiple participants.

According to Cornejo-Jimenez, there was no evidence that he poses a threat to the public and the district court should have given more weight to his relationship with his family. His prior convictions for driving under the influence and drug trafficking and his more recent arrest for domestic violence, including a court order prohibiting him from having direct or indirect contact with his girlfriend, reflect otherwise. (PSR 5-8, 10). Finally, Cornejo-Jimenez argues that the district court failed to consider that he will serve a greater portion of his sentence than most inmates because his status as an illegal alien renders him ineligible for community placement. The district court stated that it had considered Cornejo-Jimenez's arguments in support of a variance, which included this last argument. (Sentencing Transcript, RE 35, Page ID # 103, 108). Every other alien convicted of illegal reentry is ineligible for community placement; therefore, Cornejo-Jimenez's argument does not support a variance.

We can discern no abuse of discretion, particularly where the district court accepted Cornejo-Jimenez's argument regarding the enhancement under USSG § 2L1.2 and significantly reduced that enhancement from 16 to 8 levels. Accordingly, we affirm Cornejo-Jimenez's 37-month sentence as substantively reasonable.