NOT RECOMMENDED FOR PUBLICATION
File Name: 15a0479n.06

No. 14-3082

**FILED**
Jun 30, 2015
DEBORAH S. HUNT, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff-Appellee,      )
                             )
                             )    ON APPEAL FROM THE UNITED
v.                           )    STATES DISTRICT COURT FOR THE
                             )    NORTHERN DISTRICT OF OHIO
DUANE HILL,                  )
                             )
    Defendant-Appellant.     )    OPINION
                             )
                             )

BEFORE:    SILER, ROGERS, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Duane Hill pled guilty to conspiracy to use an instrument of interstate commerce to carry on an illegal activity in violation of 18 U.S.C. §§ 371 and 1952(a)(2); sex trafficking of a minor across state lines in violation of 18 U.S.C. §1591(a)(1) and (c); and obstruction of a sex trafficking investigation in violation of 18 U.S.C. § 1591(d). The district court sentenced him to 200 months in prison for these crimes, among other penalties, and Hill now appeals on the grounds that the sentence was procedurally and substantively unreasonable. For the following reasons, we affirm his sentence.

While Hill was awaiting trial on a state prostitution charge, he continued to advertise and arrange clients for several prostitutes using the website backpage.com. After convincing a sixteen-year-old girl that he was her boyfriend, he posted on the website an advertisement for her to perform sexual services. An undercover officer responded to the ad, and Hill rented a room

for the minor and the officer. When the officer was revealed, Hill fled. The state and FBI investigations tied him to several sexual services advertisements and motel-room rentals, and Hill was arrested for violating the conditions of bail in his state case.

Hill requested a meeting with the FBI investigators regarding his federal case. While accompanied by counsel, he made several false statements, including denying any involvement in prostitution, denying acquaintance with the minor, and denying any posting of advertisements on backpage.com. These false statements are the grounds for his obstruction charge. Even after pleading guilty, he continued to make false statements throughout the presentence investigation, generally seeking to minimize his involvement with the trafficking of the minor. Before sentencing, Hill orally moved to vacate his plea of guilty but withdrew his motion at the last minute.

Over Hill's objection, the district court applied a two-level enhancement for obstruction of justice, U.S.S.G. § 3C1.1, and declined to apply any reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a). Hill's resulting guideline range was 60 months on the first count, 235–293 months on the second count, and 235–240 months on the third count. The court varied downward, sentencing Hill to 60 months on the first count and 200 months on the second and third counts, with all sentences to run concurrently. Hill timely filed this appeal.

We review a sentence imposed by a district court for reasonableness. *United States v. Lanning*, 633 F.3d 469, 473 (6th Cir. 2011). Reasonableness review has both a procedural and a substantive component. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *Lanning*, 633 F.3d at 473. When reviewing a district court's sentencing determination, this court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to

consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51.

Hill first contends that the sentence was procedurally unreasonable because the district court should have granted him a two-level reduction for acceptance of responsibility. "In reviewing the district court's calculation of the Guidelines, we still review the district court's factual findings for clear error and its legal conclusions *de novo*." *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007). An offender may receive the upward adjustment for obstruction of justice and the downward adjustment for acceptance of responsibility only in "extraordinary cases." U.S.S.G. § 3E1.1 cmt. (n. 4). The court did not clearly err in determining that Hill's is not such an extraordinary case. Hill consistently misrepresented and underplayed his involvement in the criminal activity, and he had second thoughts about his guilty plea after entering it. There is little indication that Hill ever accepted responsibility.

Hill next argues that the sentence was substantively unreasonable because he was not as violent as some other sex traffickers and pimps. "Sentences are substantively unreasonable where 'the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor.'" *United States v. Lumbard*, 706 F.3d 716, 727 (6th Cir. 2013) (quoting *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011)). "A sentence that falls within a properly calculated guideline range is afforded a rebuttable presumption of reasonableness, and it is incumbent upon the defendant to demonstrate that his sentence is unreasonable." *United States v. Evers*, 669 F.3d 645, 661 (6th Cir. 2012) (quoting *United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007)). It is even more difficult to demonstrate that a below-guidelines sentence is unreasonably long. *United States v. Curry*, 536 F.3d 571, 573–74 (6th Cir. 2008). Hill does not show that his below-guidelines sentence was unreasonably long. The court extensively discussed its concerns about Hill's attitudes

toward women and an emerging trend of sex trafficking in Toledo that required strong general deterrence. *See* 18 U.S.C. § 3553(a)(1); (a)(2)(B). The 200-month sentence was not unreasonable.

For the foregoing reasons, we affirm the sentence pronounced by the district court.