NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0266n.06
No. 16-2405

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 09, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JORDAN PRESCOTT EVONNE WALTON, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE:     COLE, Chief Judge; GIBBONS and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.  After Jordan Walton pleaded guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), the district court sentenced him to 72 months' imprisonment, below the applicable Guidelines range of 97 to 121 months' imprisonment.  Watson now challenges his below-Guidelines sentence as substantively unreasonable, arguing that the district court placed too much weight on the relatively severe nature of his offense, too little weight on the his young age, his high academic achievement, his low risk of recidivism, and his allegedly having suffered sexual abuse as a child, and no weight on the need to avoid unwarranted sentence disparities with the one-year-and-a-day sentences that the Sixth Circuit has approved in the past for child-pornography defendants.  Walton's arguments lack merit because the district court's sentence was reasonable in light of the totality of the circumstances in general and the downward variance in particular.

Our review of Walton's sentence is limited. The Sixth Circuit only reviews a sentence's substantive reasonableness for abuse of discretion. *See, e.g.*, *United States v. Skipper*, 552 F.3d 489, 493 (6th Cir. 2009). A within-Guidelines sentence is presumptively reasonable. *United States v. Vonner*, 516 F.3d 382, 389–90 (6th Cir. 2008) (en banc). The presumption applies at least as strongly when a defendant challenges a below-Guidelines sentence. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008). On this appeal, Walton has not overcome that presumption.

The district court accorded appropriately significant weight to the relatively severe nature of Walton's offense because Walton's accumulation of child pornography spanned five years, resulted in 269 videos and 209 images, and included sadistic depictions of toddlers crying in pain while being penetrated anally and vaginally by adults. To put those numbers into context, the sentencing judge explained that Walton's was "one of the larger libraries of this type of material that [the court had] observed over the course of a number of years on th[e] bench."

The district court also accorded appropriately significant weight to Walton's history and characteristics, leading the court to vary downward, from the Guidelines range of 97 to 121 month's imprisonment, to a sentence of 72 months' imprisonment. While the sentencing court did not specifically address Walton's corroborated allegation that he had been sexually abused as a child, Walton's counsel brought the issue to the court's attention during the sentencing hearing, and the court displayed due attention during the hearing, even probing Walton sua sponte about why Walton began collecting child pornography. In any event, the court was not required to rebut explicitly every mitigation argument. *See, e.g.*, *Rita v. United States*, 551 U.S. 338, 356–57 (2007).

Similarly, the sentencing court was not required to rebut specifically Walton's argument that, just because the Sixth Circuit had affirmed lighter sentences in other child-pornography cases, a heavier sentence in this case was therefore substantively unreasonable. Nor was the sentencing court required to explain further why it decided not to vary downward even more. The court explained that Walton's collection of child pornography in this case was one of the larger collections that he had seen in his career.

"[T]ak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range," *Gall v. United States*, 552 U.S. 38, 51 (2007), the district court's below-Guidelines sentence of 72 months' imprisonment was not substantively unreasonable. The district court's sentence is affirmed.