NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0370n.06

Case No. 17-3934

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| TE'AIRA PERRY, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

**FILED**
Jul 24, 2018
DEBORAH S. HUNT, Clerk

BEFORE: GILMAN, GIBBONS, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Te'aira Perry drove a getaway car in three bank robberies. After the FBI caught on and brought her in for questioning, she confessed, told them what she knew, and pled guilty to three counts of aiding and abetting bank robbery. The district court sentenced her to a Guideline sentence of sixty months in prison. She now appeals her sentence.

I.

Perry argues that the district court committed two procedural errors when calculating her Guidelines range. First, she claims that the district court erred by using her accomplices' conduct as a basis for enhancing her sentence. And second, she contends that the district court should have given her a larger departure for substantial assistance. We affirm the district court in both respects.

*Sentencing Enhancements*. The district court increased Perry's sentence because her accomplices used handguns and physically restrained some of the bank tellers during the robberies. U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(C), (b)(4)(B) (U.S. Sentencing Comm'n 2016). Perry claims that this was error because there was no evidence showing that she was "aware" her accomplices had guns or that they were planning to restrain the tellers when she dropped them off at the bank. In aider and abettor cases, however, the defendant does not have to *actually know* what her accomplices are going to do; instead, her accomplices' conduct must be "reasonably foreseeable." U.S.S.G. § 1B1.3(a)(1)(B); *see also United States v. Catalan*, 499 F.3d 604, 607 (6th Cir. 2007). And "reasonably foreseeable" it was.

To start, Perry admitted that she knew the robbers' ringleader owned guns and even knew the colors of the guns (silver and black). Perry also told the FBI that she saw at least one accomplice hitch up his pants, indicating (at least to the district court) that a gun was there. And perhaps most importantly, Perry acknowledged that "based upon how robberies take place, a firearm or firearms were likely to be used." R. 53, PSR ¶ 33. A reasonable person who knows that her accomplices are about to commit a robbery, who knows that her ringleader owns guns, and who acknowledges that guns are often used in robberies, should easily foresee that guns were going to be part and parcel of those robberies.

Perry fares no better on the physical-restraint enhancement. Under the Guidelines, physically restraining a bank teller includes pointing a gun at him and forcing him to move. *United States v. Coleman*, 664 F.3d 1047, 1050–51 (6th Cir. 2012) (holding the physical-restraint enhancement applies to a defendant who pointed his pistol at a bank employee and ordered the employee out of his office); *accord United States v. Smith-Hodges*, 527 F. App'x 354, 356 (6th Cir. 2013). And as this circuit has recently stated, "an accomplice to robbery should foresee that

robbery likely entails physical restraint or worse." *United States v. Carpenter*, 819 F.3d 880, 893 (6th Cir. 2016), *rev'd on other grounds, Carpenter v. United States*, 138 S. Ct. 2206 (2018). That conclusion holds true here. Any reasonable person knows that when people rob a bank, they need access to the money. And common-sense indicates that a bank robber with a gun will point that gun at a teller and force that teller to help get access—as the robbers did in two of the robberies here.

Since the record contains no evidence suggesting that a reasonable person standing in Perry's shoes would not have foreseen either the guns or the physical restraint of the bank tellers, the district court did not clearly err. *See United States v. Dupree*, 323 F.3d 480, 490 (6th Cir. 2003) (explaining that whether something is "reasonably foreseeable" is a question of fact reviewed under the clear-error standard).

*Substantial Assistance*. As part of Perry's plea deal, the government agreed to recommend a four-level downward departure for Perry's substantial assistance to investigators. Nevertheless, the district court rejected that recommendation and departed two levels instead. Perry claims that, in doing so, the district court considered the wrong factors under § 5K1.1 and did not give the government's recommendation enough "deference." *See* U.S.S.G. § 5K1.1. We disagree.

Courts of appeals do not review the *amount* of a substantial assistance departure. Rather, we review whether a district court understood its discretion and applied the Guidelines correctly. *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008). Although district courts often accord "substantial weight" to the government's recommendation regarding a substantial assistance departure, that deference is not mandatory. U.S.S.G. § 5K1.1 cmt. n.3. Instead, § 5K1.1 explicitly leaves the final decision in the hands of the district court, requiring only that the court consider certain factors. *Id.* § 5K1.1 ("The appropriate reduction shall be determined *by the court*

. . . ." (emphasis added)). Here, the district court held an hour-long side-bar with both parties and considered the relevant § 5K1.1 factors before ruling on the motion. After the side-bar, the district court ultimately decided that Perry's assistance was not as useful, timely, or truthful as the government contended. Because Perry has not identified any factor that the court failed to consider, we find no error in the court's decision.

## II.

Finally, Perry contends that her sixty-month sentence is substantively unreasonable. We review the substantive reasonableness of a sentence under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). And because Perry's sentence is within the Guidelines range, we begin our analysis with the presumption that it is reasonable. *United States v. Kamper*, 748 F.3d 728, 739–40 (6th Cir. 2014).

During sentencing, Perry stated that she participated in the robberies only because the group's ringleader (who also happens to be the father of her child) abused her. Accordingly, she asked the district court for a downward variance. Before ruling on the motion, the district court heard testimony to determine whether any abuse occurred and, if so, whether Perry participated in the robberies *because of* that abuse. After hearing from Perry's witnesses, the court denied the variance on two grounds. First, the district court found that Perry's abuse claim lacked credibility. The testimony of Perry's witnesses conflicted with her own prior statements to the FBI where she denied abuse. And Perry presented no other evidence to corroborate her claims, such as 911 calls or hospital records. Second, the district court found that even if the evidence showed that Perry had been abused, the evidence also showed that she remained a "willing participant" in the robberies despite this abuse. R. 70, Pg. ID 618. As a result, the district court denied the motion to vary downward and imposed a sixty-month sentence.

On appeal, Perry claims that the district court erred in reaching this conclusion by giving "impermissible weight" to her statements to the FBI. For that proposition, Perry relies on *United States v. Camiscione*, 591 F.3d 823 (6th Cir. 2010). Perry, however, misreads our precedent. Our substantive-review cases, such as *Camiscione*, state only that we consider, among other things, whether the district court impermissibly weighed a *factor* under 18 U.S.C. § 3553(a). *Camiscione*, 591 F.3d at 832–35; *see also United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009). Yet Perry asks us to reverse not because the district court impermissibly weighed a § 3553(a) factor, but because the district court impermissibly weighed the wrong *facts*. This we cannot do. As a court of appeals reviewing the substantive reasonableness of a sentence, we must give the district court's fact-finding and credibility determinations due deference. *United States v. Madden*, 515 F.3d 601, 613 (6th Cir. 2008). District courts are uniquely positioned "to find facts and judge their import under § 3553(a)." *Gall*, 552 U.S. at 51. Further, it is the district court judge that "hears the evidence" and "has full knowledge of the facts and gains insights not conveyed by the record." *Id.* And with nothing more than Perry's assertion stating the district court should have come out the other way, this court is left with little reason to disturb the district court's reasoned fact-finding.

\*     \*     \*

Because Perry's sentence is neither procedurally nor substantively unreasonable, we **AFFIRM**.