NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0341n.06

No. 20-3898

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>CHRISTOPHER COFFER,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

**FILED**
Jul 15, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
OHIO

BEFORE: BATCHELDER, WHITE, and DONALD, Circuit Judges.

PER CURIAM. Christopher Coffer appeals his 121-month sentence for child pornography offenses. As set forth below, we **AFFIRM**.

Admitting that he used file-sharing software to download and trade child pornography, Coffer pleaded guilty to receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Coffer's presentence report set forth a guidelines range of 151-to-188 months of imprisonment based on a total offense level of 34 and a criminal-history category of I. Coffer requested a downward variance from that range based on his health issues, asserting that he receives disability benefits for diabetic nephropathy and suffers from various other ailments and that his health conditions place him at higher risk of death or complications from COVID-19. At sentencing, the district court denied Coffer's request for a downward variance based on his health issues, noting that the Bureau of Prisons (BOP) "manages many

serious health concerns," but nevertheless varied downward based on the sentencing factors under 18 U.S.C. § 3553(a). (R. 51, PageID 300). The district court sentenced Coffer to 121 months of imprisonment, a sentence below his Guidelines range, and delayed his report date to allow him to undergo and recover from his scheduled medical procedures.

In this timely appeal, Coffer challenges his 121-month sentence. We review a defendant's sentence for procedural and substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Libbey-Tipton*, 948 F.3d 694, 705 (6th Cir. 2020). Coffer cites the standard of review for a procedural issue—whether the district court adequately explained its sentencing decision—but makes a substantive argument—whether the district court placed enough weight on his health issues.

To the extent that Coffer raises a procedural challenge to his sentence, the government argues that plain-error review applies because, when given the opportunity to object to the district court's sentencing determination, defense counsel did not object on the basis that the district court did not adequately explain its refusal to vary downward based on Coffer's health issues. *See United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc). Regardless of the standard of review, the district court adequately explained its decision to deny Coffer's request for a downward variance based on his health issues. A sentencing explanation satisfies the requirements of procedural reasonableness if the sentencing judge "set[s] forth enough to satisfy the appellate court that [s]he has considered the parties' arguments and has a reasoned basis for exercising [her] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court specifically addressed Coffer's health conditions, concluding that those conditions, even in the context of the COVID-19 pandemic, did not justify a downward variance:

> Get new teeth. BOP can manage that all day long. The BOP manages many serious health concerns. Diabetes is one of them. It can be managed. And it is one that is

likely to lead to a higher risk for COVID. But you can be kept safe in a prison environment, also with hypertension.

. . . .

I don't find, sir, that your health condition or the likely result of any single condition, diabetes, hypertension or the others, justify a variance downwards or departure. The Bureau of Prisons cares for many persons who are ill.

COVID is a reality, and it's certainly something that I keep in mind when I sentence to incarceration, because it is a different environment, one that doesn't necessarily allow you the personal privileges you enjoy at home, but it doesn't necessarily mean that you're more likely to contract COVID, but it does mean that extra care will be taken.

So there is no justification for a variance downwards due to your health or the implications of COVID on that health.

(R. 51, PageID 300-01). The district court provided an adequate explanation to satisfy the requirements of procedural reasonableness.

Coffer frames the issue for review as follows: "What is the extent of medical disadvantage that a defendant must present in order to secure a variance based on ill health?" (Appellant's Br. 6). Coffer essentially raises a substantive challenge to his sentence—that the district court gave insufficient weight to his health issues. *See United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018) (holding that a claim that a sentence is substantively unreasonable is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others"). A sentence's substantive reasonableness is "a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much." *Id*. Given that we afford a within-guidelines sentence a rebuttable presumption of substantive reasonableness, Coffer's burden of demonstrating that his below-guidelines sentence is "unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008); *see also United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) ("Although it is not impossible to succeed on a

substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden.").

Coffer has not satisfied that demanding burden. The district court denied Coffer's request for a downward variance based on his health issues, pointing out that the BOP "manages many serious health concerns." (R. 51, PageID 300). The district court determined that Coffer's arguments about his health issues and the COVID-19 pandemic were arguments that supported the delay of his report date, which the district court allowed. The district court observed that Coffer had failed to acknowledge his intentional harm to real victims and that "no one . . . should have the right to enjoy [the] rape and torture [of children] in the privacy of his home and not pay the most dire consequence for that gratification." (*Id*. PageID 303). Notwithstanding those concerns, the district court ultimately decided to impose a sentence that varied below the Guidelines based on the § 3553(a) factors and the need "to leave room for you to improve your own conduct and condition." (*Id*. PageID 302). The record shows that the district court considered Coffer's arguments about his health, balanced the relevant § 3553(a) factors, granted a downward variance (albeit for different reasons than his health), and imposed a substantively reasonable sentence below his Guidelines range.

Coffer asserts that courts have applied downward variances and departures when sentencing seriously ill defendants, citing *United States v. Almenas*, 553 F.3d 27, 36-37 (1st Cir. 2009), and *United States v. Myers*, 503 F.3d 676, 684-87 (8th Cir. 2007).[1] Neither case suggests that a downward variance or departure is required when a defendant suffers from health issues. Rather, those cases recognize the district court's discretion to grant a downward variance or

---

[1] Under our circuit's precedent, we lack jurisdiction to review the denial of a downward departure unless the district court shows unawareness or misunderstanding of its discretion to grant a departure. *See, e.g.*, *United States v. Theunick*, 651 F.3d 578, 592 (6th Cir. 2011) (holding "unreviewable" a district court's informed decision to deny a downward departure for health under U.S.S.G. § 5H1.4). So to the extent Coffer suggests he should have received a downward departure, we deny review.

departure and its obligation to address the parties' arguments. Here, the district court acted within its discretion to deny Coffer's request for a downward variance and adequately explained that decision.

For these reasons, we **AFFIRM** Coffer's 121-month sentence.