NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0109n.06

Case No. 25-5712

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 05, 2026
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | EASTERN DISTRICT OF KENTUCKY |
| DEREK HAHN, | ) | |
| Defendant - Appellant. | ) | OPINION |
| | ) | |

Before: MOORE, GIBBONS, and BLOOMEKATZ, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Defendant Derek Hahn pled guilty to one count of using a minor to produce sexually explicit videos. The district court sentenced Hahn to a below-Guidelines sentence of 330 months. Hahn appeals this sentence as unreasonable, arguing that the district court did not give his mitigating evidence adequate weight and sentenced him disproportionately relative to similarly situated defendants. We affirm the district court's sentence.

I.

In October 2024, Hahn was arrested for uploading and sharing child sex abuse material on the internet. After Hahn was arrested, police seized two phones from him and found numerous videos and images that showed minors engaged in sexually explicit activity, including masturbation. Hahn admitted to obtaining these materials on the internet. Police also found several videos showing a minor victim known to Hahn naked in the bathroom of Hahn's home. In these videos, the victim was "in various states of undress," with Hahn "zooming in and out and focusing on [his] genitals." DE 20, Plea, Page ID 96.

Hahn pled guilty to one count of using a minor to produce sexually explicit videos under 18 U.S.C. § 2251(a). The recommended Sentencing Guidelines range for his offense was 360 months to life imprisonment. But because the statutory maximum Hahn could receive was 360 months, that figure became his Guidelines term of imprisonment.

Before sentencing, Hahn moved for a downward variance, arguing that a below-Guidelines sentence would not result in a sentencing disparity with similarly situated defendants. In support, Hahn noted that defendants who produced child pornography and qualified for the repeat offender enhancement under U.S.S.G § 4B1.5(b) received, on average, a term of 324 months' imprisonment. And he, in contrast, was a first-time offender. Hahn also argued that his mitigating factors—that he expressed sincere remorse for his behavior, his family and friends wrote supportive letters on his behalf, and he had worked many years as a firefighter—warranted a downward variance as well.

At sentencing, Hahn reiterated his request for a below-Guidelines sentence. After calculating the Guidelines range, the district court considered the relevant sentencing factors. *See* 18 U.S.C. § 3553(a). It emphasized Hahn had committed "a profoundly serious crime" and that the victim would have "to deal with [Hahn's] actions for the rest of his life." DE 38, Sent'g Hr. Tr., Page ID 238. The district court also noted that it was "worried that [Hahn] [had not] come to complete terms with [his] conduct." *Id.* at 240. The district court acknowledged, however, some mitigating factors supporting a downward variance, including that Hahn had "held a job" and that he had "many good qualities in terms of [his] family and [his] relationships." *Id.* at 241. It also found that Hahn's "national conformity" argument was compelling, so that a "slight" downward variance was warranted to avoid sentencing disparities with similarly situated offenders. *Id.* at 242–43. Ultimately, however, the district court found that a significant sentence was justified

because of Hahn's "continued, repeated acts of self-gratification . . . at the [victim's] expense" and the "long-term impact" his conduct would have on the victim. *Id.* at 242. Thus, the district court sentenced Hahn to a below-Guidelines sentence of 330 months' imprisonment, followed by a lifetime of supervised release. Hahn timely appealed the district court's sentence.

## II.

We review the procedural and substantive reasonableness of a defendant's sentence under an abuse of discretion standard. *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020). A challenge to a sentence's procedural reasonableness focuses on whether the district court "fail[ed] to calculate (or improperly calculate[ed]) the Guidelines range, treat[ed] the Guidelines as mandatory, fail[ed] to consider the § 3553(a) factors, select[ed] a sentence based on clearly erroneous facts, or fail[ed] to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). By contrast, a challenge to a sentence's substantive reasonableness concerns whether the district court properly weighed the § 3553(a) factors and is, "at bottom," "a claim that a sentence is too long." *United States v. Nunley*, 29 F.4th 824, 830 (6th Cir. 2022) (quoting *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018)). A within-Guidelines sentence is presumptively substantively reasonable. *United States v. Pirosko*, 787 F.3d 358, 374 (6th Cir. 2015). By extension, a below-Guidelines sentence is also presumptively substantively reasonable. *Id.* And defendants who challenge a below-Guidelines sentence on substantive reasonableness grounds have an "even more demanding" burden than those who challenge a within-Guidelines sentence. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008) (order).

## III.

Hahn received a below-Guidelines sentence of 330 months' imprisonment. On appeal, he argues that his sentence is unreasonable.

We initially note that although Hahn purports to challenge both the procedural and substantive reasonableness of his sentence, he does not make any specific arguments regarding his sentence's procedural reasonableness. Hahn does not claim that the district court improperly calculated his Guideline range, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, sentenced him based on clearly erroneous facts, or failed to adequately explain his sentence. *See Gall*, 552 U.S. at 51. He instead argues that his sentence is too long because the district court improperly weighed his mitigating evidence and sentenced him disproportionately relative to similarly situated defendants. This is plainly a challenge to the substantive reasonableness of his sentence. *See Rayyan*, 885 F.3d at 442 (substantive reasonableness concerns when "the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual"). For this reason, we only review the substantive reasonableness of Hahn's sentence.

Hahn first argues that the district court did not give adequate weight to his mitigating evidence, which includes his lack of criminal record, his remorse for the victim and his family, his strong personal relationships with loved ones, and his plans for future rehabilitation. He also contends that the district court's primary goal of general and specific deterrence could have been accomplished via a shorter sentence. Although the district court departed downward from the Guidelines range by two and a half years, Hahn says that this was "an arbitrary variance" that resulted in a sentence "greater than necessary to achieve the purposes of sentencing." CA6 R. 13, Appellant's Br., at 16.

Hahn has failed, however, to rebut the presumption of reasonableness applicable to his below-Guidelines sentence and to show that the district court abused its discretion. Here, Hahn admits that the district court "acknowledged" and "credited" his mitigating evidence. *Id.* at 15.

For example, the court discussed how Hahn "held a job," that his friends and family wrote letters detailing Hahn's "positive" attributes, and that Hahn was "remorseful." DE 38, Sent'g Hr. Tr., Page ID 240–41. But the district court also emphasized that Hahn committed "a profoundly serious crime," that he had not "come to complete terms with [his] conduct," that a long sentence would "protect the public," and that he committed "continued, repeated acts of self-gratification . . . at the [victim's] expense." *Id.* at 238–40, 242.

While the district court may have assigned greater weight to certain factors under § 3553—such as the nature and circumstances of Hahn's offense and the need for deterrence—that does not mean that it unreasonably weighed these factors. *See United States v. Gardner*, 32 F.4th 504, 530–32 (6th Cir. 2022). And to the extent Hahn argues that the district court should have balanced the factors differently, that is "simply beyond the scope of our appellate review, which looks to whether the sentence is reasonable, as opposed to whether in the first instance we would have imposed the same sentence." *United States v. Sexton*, 512 F.3d 326, 332 (6th Cir. 2008) (quotation omitted). The mere fact that "the district court did not weigh the § 3553(a) factors as [Hahn] hoped" does not mean that it abused its discretion in sentencing him. *See Gardner*, 32 F.4th at 531.

Hahn also argues that his sentence is substantively unreasonable because the district court sentenced him disparately relative to similarly situated defendants also convicted of child pornography related offenses. Under 18 U.S.C. § 3553(a)(6), sentencing courts must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

To start, we reject the government's claim that Hahn waived his sentencing disparity argument through his representations in his sentencing memorandum. "Waiver is the intentional

relinquishment or abandonment of [a] right." *United States v. Russell*, 26 F.4th 371, 374 (6th Cir. 2022) (citation modified). In this case, Hahn argued in his sentencing memorandum that the district court would not create a sentencing disparity if it sentenced him to a below-Guidelines sentence. Hahn specifically noted that defendants who received a sentencing enhancement under U.S.S.G. § 4B1.5 were sentenced to an average of 324 months' imprisonment. The district court sentenced Hahn to 330 months' imprisonment. Though Hahn made the general claim that a below-Guidelines sentence would not result in a sentencing disparity, nothing in the record indicates that he intentionally relinquished or abandoned any argument that *his specific* below-Guidelines sentence would result in a sentencing disparity. *Russell*, 26 F.4th at 374. Indeed, by noting that the average repeat offender received a sentence of 324 months' imprisonment, Hahn suggested that he—a first-time offender—should have received an even lower sentence than he ultimately received. This is not the type of "intentional relinquishment or abandonment of [a] right" that is necessary to waive this issue on appeal. *Id.*

In any event, Hahn's sentencing disparity argument fails on the merits. First, § 3553(a)(6) is generally "an improper vehicle" for challenging a within-Guidelines sentence. *United States v. Volkman*, 797 F.3d 377, 400 (6th Cir. 2015). This is because "[t]he point of the [G]uidelines is to decrease sentencing disparities," which is "an objective *furthered* by a within-[G]uidelines sentence, as opposed to a sentence that varies above or below the advisory [G]uidelines range." *United States v. Swafford*, 639 F.3d 265, 270 (6th Cir. 2011) (emphasis in original). And Hahn already received a below-Guidelines sentence. Because Hahn is ultimately seeking an even lower below-Guidelines sentence, any further variance by the district court may have been "more likely to create disparities than eliminate them." *See id.*

Second, Hahn "has not cited any case that finds a below-Guidelines sentence to be substantively unreasonable solely because the sentence is significantly longer than the national average." *United States v. Reynolds*, 813 F. App'x 185, 197 (6th Cir. 2020). And although the "sentencing data released by the Sentencing Commission should serve as a starting point for district judges to avoid unwarranted sentence disparities," *United States v. Perez-Rodriguez*, 960 F.3d 748, 756–57 (6th Cir. 2020) (citation modified), the district court adequately explained how Hahn's case differs from those of similarly situated defendants. The district court emphasized that Hahn committed "a profoundly serious crime," that Hahn had not "come to complete terms with [his] conduct," that a long sentence would "protect the public," and that Hahn committed "continued, repeated acts of self-gratification . . . at the [victim's] expense." DE 38, Sent'g Hr. Tr., Page ID 238–40, 242. What is more, the district court sentenced Hahn to a below-Guidelines sentence after explicitly noting that Hahn "did a good job of noting [the] kind of [national disparity] arguments that are made . . . throughout the country as [it] relates to the [child pornography related] [G]uidelines." *Id.* at 242–43. Hahn has therefore not overcome his "demanding" burden to show that the district court abused its discretion in sentencing him to a below-Guidelines sentence. *See Curry*, 536 F.3d at 573.

IV.

For the foregoing reasons, we affirm the district court's sentence.