NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0491n.06

No. 23-1994

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Dec 04, 2024

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| | ) | |
| | ) | |
| RANSOM TAE-RICK ROBINSON, | ) | |
| | ) | |
|     Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: GRIFFIN, STRANCH, and MATHIS, Circuit Judges.

PER CURIAM. Ransom Tae-Rick Robinson challenges the substantive reasonableness of his below-Guidelines sentence for a drug offense. As set forth below, we affirm Robinson's sentence.

After Robinson sold methamphetamine to a confidential informant on four occasions, a federal grand jury indicted him on four counts of distributing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Robinson pleaded guilty to one of those counts in exchange for the dismissal of the other counts.

Robinson's presentence report set forth a Guidelines range of 121 to 151 months of imprisonment based on a total offense level of 31 and a criminal history category of II. Both parties moved for a downward variance from the Guidelines range, citing Robinson's limited criminal history, his longtime employment, his family responsibilities, and the nature and circumstances of his offense. At sentencing, the district court addressed the sentencing factors under 18 U.S.C. § 3553(a) and granted the government's motion for a two-level downward

variance, which resulted in a Guidelines range of 97 to 121 months of imprisonment. The district court concluded that a sentence at the low end of that range was appropriate and reflected the seriousness of the offense, promoted respect for the law, and provided just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). So the district court sentenced Robinson to 97 months of imprisonment followed by two years of supervised release.

In this timely appeal, Robinson challenges the substantive reasonableness of his sentence. We review the substantive reasonableness of Robinson's sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41, 51 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). "Simply put, a defendant's sentence is substantively unreasonable if it is too long." *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020). "One way to gauge the substantive reasonableness of a sentence is to ask whether 'the court placed too much weight on some of the § 3553(a) factors and too little on others' in reaching its sentencing decision." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753–54 (6th Cir. 2020) (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). We afford a within-Guidelines sentence a rebuttable presumption of substantive reasonableness. *See United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008). As a result, Robinson's burden of demonstrating that his below-Guidelines sentence "is unreasonably long is even more demanding." *Id.*; *see also United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013) ("Although it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden.").

Robinson contends that when the district court considered the seriousness of his offense, it placed an unreasonable amount of weight on the 20-year statutory maximum penalty, rather than the overall statutory scheme. Robinson relies on the district court's observation that the 20-year statutory maximum penalty "is a clear indication" that the executive and legislative branches "believe[] that distribution of this drug is a very serious offense." According to Robinson, the statutory minimum penalty is more significant than the statutory maximum penalty. Robinson argues that probation was an available sentence under 18 U.S.C. § 3561(a). And he emphasizes that, because other drug offenses are subject to mandatory minimum penalties and are offenses for which probation is expressly precluded, those offenses are significantly more serious than his offense. *Compare* 21 U.S.C. § 841(b)(1)(A)–(B) (requiring mandatory minimum sentences and prohibiting probation), *with* 21 U.S.C. § 841(b)(1)(C) (omitting any mandatory minimum requirement and permitting probation).

In considering the seriousness of Robinson's offense, however, the district court did not limit its discussion to the statutory maximum penalty. The district court found that Robinson's offense was serious because it involved "significant quantities of distribution of methamphetamine." Robinson sold a total of 2.06 kilograms of methamphetamine to the confidential informant.[1] The district court went on to state that "[m]ethamphetamine regretfully is the number one drug of abuse in the Western District of Michigan." The record does not show that the district court placed an inordinate amount of weight on the statutory maximum penalty in discussing the seriousness of Robinson's offense. Nor does the record support Robinson's claim that the district court misunderstood the statutory sentencing range.

---

[1] The government points out that each count in the indictment could have carried a 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(viii) based on the quantity and purity of the methamphetamine involved in each controlled buy.

Robinson has failed to satisfy his burden of demonstrating that his below-Guidelines sentence is substantively unreasonable.  Accordingly, we affirm Robinson's sentence.